IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN A. CAMPBELL<br><br>　　　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION et al.,<br><br>　　　　Defendants. | ORDER DENYING PLAINTIFF'S MULTIPLE MOTIONS TO APPOINT COUNSEL AND MOTION TO RECONSIDER<br><br>Civil No. 2:06 cv 459 PGC<br><br>Judge Paul Cassell<br><br>Magistrate Judge Brooke C. Wells |

Previously this court denied John Campbell's Motion to Appoint Counsel.[1] Recently, Plaintiff's motions to consolidate were granted and all of Mr. Campbell's 36 cases were consolidated into the current action.[2] After reviewing the claims in Plaintiff's other cases that were consolidated into the current one, the court finds that it is appropriate to DENY Mr. Campbell's respective Motions to Appoint Counsel.[3] As mentioned in this court's prior order, as a civil litigant Mr. Campbell has no constitutional right to counsel.[4] Because Mr. Campbell has no right to counsel and fails to convince the court that there is sufficient merit to any of his claims the court DENIES Mr. Campbell's Motions for Appointment of Counsel.

---

[1] Docket no. 10.
[2] Order of Consolidation, docket no. 57.
[3] Docket nos. 17, 18, 21, 23, 25, 27, 28, 30, 32, 34, 36, 39, 40, 42, 45, 47, 49, 51, 53, and 55.
[4] *See* *Moomchi v. Univ. of N.M.*, 1995 WL 736292, *3 (10th Cir. 1995) (unpublished); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

Further, Mr. Campbell has filed a Motion to Reconsider this court's prior decision to deny counsel.[5] In this motion Mr. Campbell complains of losing 300 dollars bail and about "two different tickets for riding a bicycle improperly in summer of 1997."[6] Mr. Campbell fails to set forth any facts that convince this court to alter its prior decision. Mr. Campbell is proceeding in forma pauperis and 28 U.S.C. § 1915, which pertains to proceedings in forma pauperis, provides that "The court may request an attorney to represent any person unable to afford counsel."[7] The appointment of counsel under this statute, however, is at the discretion of the court.[8] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[9] Mr. Campbell has failed to meet this burden. Therefore, the court DENIES Mr. Campbell's Motion to Reconsider this court's prior order.

DATED this 25th day of October, 2006.

_____
Brooke C. Wells
United States Magistrate Judge

---

[5] Docket no. 20.
[6] Motion to Reconsider p. 1.
[7] 28 U.S.C. § 1915(e)(1).
[8] *See* McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).
[9] *Id.*