IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN A. CAMPBELL<br><br>            Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION et al.,<br><br>            Defendants. | **REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF PLAINTIFF'S CASES**<br><br>Civil No. 2:06 cv 459 PGC<br><br>Judge Paul Cassell<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff, John Campbell *pro se*, has filed approximately thirty-six complaints since June of 2006.  Some of these cases have already been dismissed for a variety of reasons including failure to state a claim upon which relief may be granted, improper venue, and failure to file within the appropriate statue of limitations.[1]  In October, the court entered an order of consolidation,[2] and an order to show cause giving Plaintiff 20 days to show cause why filing restrictions should not be entered.  The time for response has passed.  At the outset, therefore, this court recommends that the proposed filing restrictions be entered.

Before the court are approximately 20 motions for service of process.[3]  Because Mr. Campbell was granted permission to proceed *in forma pauperis* in all the actions he has filed, the provisions of the *in forma pauperis* statue, 28 U.S.C. § 1915, are applicable.  Under § 1915 the

---

[1] *See e.g.*, cases 2:06-cv-472 PGC, 2:06-cv-764 TS, 2:06-cv-802 TS.
[2] Docket no. 57.

court shall at any time, *sua sponte*, dismiss the case if the court determines that a complaint is frivolous or fails to state a claim upon which relief may be granted.[4] A claim may be considered frivolous if it "lacks an arguable basis either in law or in fact."[5] In construing Mr. Campbell's Complaints, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[6] The court will not dismiss a complaint "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] Conclusory allegations without supporting factual averments, however, are not sufficient.[8]

Mr. Campbell is proceeding *pro se*, so the court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[9] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[10] There is no special training, however, necessary to recount facts surrounding an alleged injury. A pro se litigant must therefore allege sufficient facts on which a recognized legal claim could be based.[11]

A pro se plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his

---

[3] Docket nos. 16, 19, 22, 24, 26, 29, 31, 33, 35, 37, 38, 41, 43, 44, 46, 48, 50, 52, 54, and 56.
[4] 28 U.S.C. § 1915(e)(2).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).
[7] *Id.* (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).
[8] *See id.* at 1110.
[9] *See id.*
[10] *Id.*
[11] *See id.*

complaint."[12]  "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[13] and, the court should dismiss a claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[14]

In light of the large number of complaints that Mr. Campbell has filed the court finds it appropriate to address them in categories based upon their general allegations.

## I. The Actions Against the Social Security Administration Should be Dismissed

Plaintiff has filed a number of actions against the Social Security Administration (SSA) and corresponding motions for service of process.[15]  All of Plaintiff's complaints against the SSA primarily center on the SSA's attempts to allegedly get Mr. Campbell's social security benefits changed, discontinued, or to designate a representative payee.  These actions are brought pursuant to § 1983 although Mr. Campbell fails to specify what constitutional rights were violated.

In order to state a claim under § 1983 a plaintiff must allege "'(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State.'"[16]  Mr. Campbell does not need to accurately cite or even formally identify the constitutional right at issue, as long as his factual allegations can be reasonably read to state a valid claim.[17]  In viewing Plaintiff's allegations liberally, reviewing an individual's social security for possibly changing payments, appointing a payee, or to

---

[12] *Id.* (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).
[13] *Id.* at 1110 n. 3.
[14] *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).
[15] *For e.g.*, *see* motion nos. 19, 29, 31, and 33.
[16] *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)).

discontinue payments as Plaintiff alleges has occurred on multiple occasions, do not state a claim for a violation of a constitutionally protected right.

The court has also reviewed Mr. Campbell's Complaints to determine if they state a claim for an appeal of a determination by the Social Security Commissioner. The court finds they do not. For the court to review a decision by the SSA, an individual must show that (1) the claim has been presented to the SSA; (2) that administrative remedies have been exhausted; and (3) that there is a final decision by the SSA.[18] Because Mr. Campbell has failed to allege a colorable constitutional claim,[19] or provide an actual decision by the SSA, Plaintiff has failed to show that the exhaustion requirement was met. In essence, if Mr. Campbell thinks that the SSA has made a wrong decision involving his benefits, he should present his arguments directly to the SSA, obtain a final decision on the matter, and use the appellate process within the SSA before filing any action in federal court.

Thus, based on the foregoing, Mr. Campbell's Complaints against the SSA should be DISMISSED and the corresponding Motions for Service of Process should be DENIED..

## II. The Actions Against Various Cities and Municipalities Should be Dismissed

The majority of Mr. Campbell's Complaints and Motions for Service of Process involve disputes with other cities, townships and municipalities.[20] The violations of Mr. Campbell's rights in these Complaints involve, *inter alia*, tickets given to Mr. Campbell for failing to follow certain rules, fines levied against Mr. Campbell also for failing to follow rules, alleged arrests

---

[17] *See Lattimore v. RKK Enters. Inc.*, 91 F.3d 159 (10th Cir. 1996) (citing *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).
[18] *See Matherws v. Eldridge*, 424 U.S. 319 (1976).
[19] *See Marshall v. Shalala*, 5 F.3d 453, 454 (10th Cir. 1993).
[20] *See* motion nos. 16, 22, 24, 35, 37, 38, 41, 43, 46, 48, 50, 52, 54, and 56.

during times when Plaintiff was sleeping on the street or in a vehicle, and preventing Mr. Campbell from getting his van out of the city tow yard without a valid insurance card.

It is clear from Plaintiff's Complaints that he has, and is, currently experiencing serious personal problems that include homelessness and mental illness.  The court is sympathetic with Plaintiff's problems and encourages him to seek help from those agencies and entities that are best qualified to assist him.  Notwithstanding the court's concern, the court is obligated by law to dismiss Mr. Campbell's actions if they are frivolous or fail to state a claim upon which relief may be granted.[21]

Here, the court finds that the various Complaints, even when considered liberally, fail to allege sufficient facts that give rise to a colorable claim under the Constitution and they lack any basis for this court to provide some sort of relief.  So, they must be dismissed.

In regard to the allegations that attempt to raise a claim for excessive force in an arrest, the court points to the action already dismissed by Judge Stewart that involved similar allegations.[22]  As stated in that case,

Section 1343 authorizes federal court jurisdiction over civil rights complaints.  But where jurisdiction of the Complaint is based solely upon a federal statute, the case may only be filed in the judicial district where (1) any defendant resides if all defendants live in the same state, (2) "in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "a judicial district in which any defendant may be found." [23]

Plaintiff's Complaints before this court suffer from the same problems, to wit, they all involve defendants and events that are located in other districts.  Accordingly, Mr. Campbell's

---

[21] *See* 28 U.S.C. § 1915(e)(2).
[22] *See Campbell v. City of Atlantic City*, Case No. 2:06-CV-784 TS, Docket No. 4 (Memorandum Decision and Order Dismissing Complaint for Improper Venue).

allegations provide no possible basis for venue in this judicial district. Where a case is filed in a district with improper venue, the court "shall dismiss the case, or if it be in the interest of justice, transfer the case" to the district "in which it could have been brought."[24] After reviewing the Complaints, the court finds that it would not be in the interests of justice to transfer venue in these cases.

### III. All Remaining Complaints Should be Dismissed

Mr. Campbell also seeks to bring actions against Ramapo Collision,[25] Ancora State Hosptial,[26] and the Ocean County Court.[27] The Ramapo and Ocean County Court cases involve proceedings in other courts. In one action Plaintiff complains that he received insufficient notice of a court proceeding. In the other, the judge allegedly did not listen to Plaintiff. As noted previously, these alleged facts fail to give rise to a colorable claim. If Plaintiff has problems with what occurred in other courts he should raise those issues with those courts and then follow their procedure for an appropriate appeal.

It is unclear whether the court proceedings that form the basis of Mr. Campbell's Complaints have concluded or are ongoing. In either case, however, this court lacks jurisdiction. The *Rooker-Feldman* Doctrine prevents this court from reviewing, reversing or invalidating state court decisions.[28] And, under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case in which there is an ongoing state action.[29]

Accordingly, the Ramapo and Ocean County Complaints should be dismissed.

---

[23] *Id.* (quoting 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1391(b)).
[24] 28 U.S.C. § 1406(a).
[25] *See* motion no. 26.
[26] *See* motion nos. 50 and 52.
[27] *See* motion no. 54.
[28] *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Finally, the Complaints against Ancora State Hospital should also be dismissed. Factual allegations about allegedly receiving the wrong dosage of medicines that in one case occurred 10 years ago, do not give rise to a colorable complaint.

## IV. Recommendation

Based on the foregoing, and pursuant to 28 U.S.C. § 1915, the court RECOMMENDS that Plaintiff's actions be DISMISSED for failing to state a claim upon which relief may be granted, for improper venue, and for lack of jurisdiction. The Motions for Service of Process should be DENIED or deemed MOOT.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objection upon subsequent review.

DATED this 16th day of November, 2006.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[29] See *Younger v. Harris*, 401 U.S. 31 (1971).